UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| GRAND APIZZA SHORELINE, INC. | : | CASE NO. 3:20-CV-00604-SRU |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AJ'S APIZZA, LLC | : | |
| d/b/a Grand Apizza Deep River, | : | JUNE 17, 2020 |
| Defendant. | : | |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1.    Defendant AJ's Apizza, LLC d/b/a Grand Apizza Deep River hereby objects to plaintiff's Motion and Proposed Order for Preliminary Injunction. Attached hereto and incorporated herein by reference is the Affidavit of Frederick Nuzzo and Defendant's memorandum in opposition to Plaintiff's Motion for preliminary injunction.

2.    Grand Apizza Shoreline's action as alleged in its complaint is a blatant attempt to mislead this Court and destroy the reputation of AJ's Apizza d/b/a Grand Apizza Deep River before it can even establish its pizza restaurant called Grand Apizza Deep River which is over eight miles and an approximate 20 minute drive from Grand Apizza Shoreline's restaurant in Clinton, Connecticut. AJ's Apizza did not brazenly copy Grand Apizza Shoreline's name or copy its menu, nor has it actively suggested that there is a connection between Grand Apizza Deep River and Grand Apizza Shoreline. The plaintiff knows full well through its principal Michael Nuzzo that his brother Frederick Nuzzo is a member of AJ's Apizza and has been operating his own Grand Apizza restaurants throughout Connecticut for almost 40 years, well prior to the plaintiff.

3.      If any actual customer or consumer confusion has occurred it is not the result of any of AJ's Apizza's action, nor has same caused any harm, let alone irreparable harm to Plaintiff's reputation and goodwill. Mr. Frederick Nuzzo and his late father Fred Nuzzo, in fact created the menu and photographs which plaintiff is now falsely claiming the defendant misappropriated. The Defendant is not an "imitator" as Plaintiff baselessly asserts. Frederick Nuzzo has been part of the fine Grand Apizza Nuzzo family tradition for more than 45 years starting in New Haven with his father and has ran his own Grand Apizza or Apizza Grande restaurants with his father's blessing in North Haven, East Haven, Cheshire and Bethany at various times and locations since approximately 1983. There are currently Grand Apizza Restaurants in New Haven, North Haven, East Haven and Bethany in addition to Plaintiff's locations and the one in Deep River. The attached affidavit and memorandum discuss in more detail the pertinent facts and caselaw which mitigates against the granting of any injunctive relief.

4.      In light of the brazenly deceptive and erroneous "verified" complaint and the lack of any provable ongoing unfair competition, Infringement or damages this Court should deny the entry of any preliminary injunctive relief in favor of Grand Apizza Shoreline as requested in the Proposed Order for Preliminary Injunction.

Dated: June 17, 2020

**DEFENDANT AJ's APIZZA, LLC**
**d/b/a GRAND APIZZA DEEP RIVER**

By:      /s/ David C. Pite
David C. Pite ct03495
Pite Law Office LLC
1948 Chapel Street
New Haven, CT 06515
(203) 782-0503 Tel.
(203) 389-8344 Fax
Email: pite@snet.net

## CERTIFICATION OF SERVICE

I hereby certify that on June 17, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ David C. Pite
David C. Pite

GRAND APIZZA SHORELINE, INC.                    CASE NO. 3:20-CV-00604-SRU

V.

AJ'S APIZZA, LLC d/b/a Grand Apizza Deep River            JUNE 17, 2020

## AFFIDAVIT IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

*STATE OF CONNECTICUT*
                                    *SS: New Haven   June 17, 2020*
*COUNTY OF NEW HAVEN*

Frederick Nuzzo, being duly sworn, hereby deposes and represents and states as follows:

1. I am over the age of twenty-one (21) and believe in the obligations of an oath.

2. I am a duly authorized representative of AJ's Apizza, LLC  and the managing member of said LLC which is the defendant in this case that operates a pizza restaurant known as Grand Apizza Deep River that is the subject of the above-captioned action. I have personal knowledge of all facts set forth herein and make this affidavit in support of  AJ's Apizza, LLC's opposition to Plaintiff's motion or application for a preliminary injunction and I make this affidavit on its behalf and am fully authorized to do so.  I can state affirmatively that Plaintiff's verified complaint is erroneous and misleading in many respects. My younger brother Michael Nuzzo, who signed the verified complaint and is the President of the Plaintiff Grand Apizza Shoreline, Inc.  has known since before Grand Apizza Deep River opened in February of 2020 that I was a partner in this restaurant yet he and the Plaintiff totally fail to acknowledge that fact anywhere in the complaint and instead falsely assert that AJ 's Apizza, LLC "has no connection" with the "Nuzzo family" or the Grand Apizza tradition. (Verified Complaint Ph. 3). It also falsely asserts that Grand Apizza Deep River "copied" its menu and "has actively taken steps to suggest a connection to the successful Grand Apizza Shoreline" restaurants. (Verified Complaint Ph. 4).

3.      More specifically, the menu of Grand Apizza Deep River is basically the exact same menu that I currently utilize in my East Haven Apizza Grande restaurant and is currently being utilized in Grand Apizza restaurants I used to operate in Bethany and North Haven and the original one in New Haven. I have used this same basic menu, as have others, since the early 1980s when I opened my first Grand Apizza in North Haven, and it has always included the "Grand Apizza Special", the "Grande Special" and the "Freddy's Four Cheese" which is named after my father. My brother basically used the same Grand Apizza Nuzzo family type menu already developed by my Father and I when he opened his first Grand Apizza at least 10 years after I went out on my own with my father's permission and opened my first Grand Apizza in North Haven. Thus, claiming in the verified complaint that my Deep River restaurant copied Shoreline Grand Apizza's menu is knowingly erroneous and misleading. Also, Grand Apizza Deep River management and employees have made it clear to everyone that we have no connection to Shoreline Grand Apizza or Michael Nuzzo and that I am operating the Deep River Grand Apizza in the tradition of my Grand Apizza restaurants, not in the manner of Michael or his Grand Apizza Shoreline restaurants. We do not need nor want to "exploit" or utilize the alleged "success and goodwill of Grand Apizza Shoreline" (Verified Complaint Ph. 3) and Plaintiff knows this as Michael Nuzzo and his son who manages his Madison restaurant with him were told this before we even opened in Deep River. The week we opened Grand Apizza Deep River Michael Nuzzo came to the restaurant personally with his son Michael and threatened my partner and his father who were there, as well as stating he was going to destroy our business and financially crush our restaurant and me with litigation and lawsuits because we came into his supposed "territory". Never was there any agreement between anyone in our family or any other Grand Apizza operators that only Michael Nuzzo could open a Grand Apizza restaurant on the

shoreline or in the Clinton area or anywhere else so I could not believe what he was threatening and has been saying since before we even opened the Deep River pizza restaurant to the present. Furthermore, Deep River is not on the shoreline nor is it even geographically near to Clinton or Madison or Guilford in my view.

4.     I noticed when reviewing Plaintiff's motion and memorandum in support of its preliminary injunction request that Plaintiff calls Deep River Grand Apizza "The Imitator" and claims that we made false statements in our menu indicating that my family's business was established in 1955 ( by my father) and is a family owned business in the community for over 60 years. It is not false, my Deep River restaurant is just as legitimately a Nuzzo family Grand Apizza as Plaintiff's, and the Plaintiff and its principal Michael Nuzzo know this yet instead have opted to mislead the Court by acting as if the Defendant has no connection to the Nuzzo family and that I haven't been operating Grand Apizza Restaurants using the same basic menu for close to 40 years, which menu my father and I gladly allowed Michael to utilize when he opened Grand Apizza Shoreline, Inc.  25 plus years ago. Another similarly misleading, deceptive and unfair assertion is the Plaintiff's inclusion in both its complaint ( Verified Complaint Ph. 26) and memorandum ( Page 4) of a picture of my father with the insinuation that somehow it is improper or fraudulent of me to "prominently display" it at my Deep River restaurant. I actually commissioned this picture as a tribute and gift to my dad decades ago and he displayed it happily in New Haven at his restaurant and wanted me to place a copy at each restaurant I opened which I have proudly done over the years. In fact, my brother Michael and my sister liked the picture so much they asked me if they could obtain a copy of it to place in their original restaurant they opened, which I gladly accommodated them with. The fact that Michael and his company now infer that Deep River Grand Apizza put that picture up in its restaurant to try and mislead or

deceive and confuse people and has made a baseless claim that the restaurant has no connection to the Nuzzo family and has simply put up my tribute picture of my father to try and exploit Plaintiff's goodwill and name is beyond belief to me and indicative of the bad faith assertions and inferences that permeate its erroneous verified complaint.

5.      In addition to falsely accusing me and the Defendant of copying or stealing its menu and having no connection to Grand Apizza or the Nuzzo family I also specifically take exception and object to the assertions and erroneous conclusions asserted by Plaintiff and its counsel in both the verified complaint and memorandum in support of its motion claiming that there is significant "customer confusion" and that our Deep River opening in February and its mere existence and name has or will cause it irreparable harm or constitutes unfair competition. The 2 alleged customers whose Facebook posts and inquiries Plaintiff included in its complaint and memorandum are not indicative of the entire customer base in Connecticut or even the County or geographical area at issue. Furthermore, each one either directly contacted by Facebook or text myself or my partner or employees of mine suspiciously asking about our Deep River menu and my restaurant background and were specifically told that we had nothing whatsoever to do with Grand Apizza Shoreline. Also, the fact is that the Plaintiff operates 3 restaurants, 2 that are in New Haven County ( Guilford and Madison) and 1 in Middlesex County, all of which are considered shoreline towns while Deep River is in Middlesex County and is not considered part of the shoreline. In New Haven County where 2 of Plaintiff's restaurants are located there are currently 4 other operating Grand Apizza or Apizza Grande restaurants, including the one I currently operate in East Haven and the original one in New Haven, yet it has never complained about "customer confusion" until Grand Apizza Deep River opened. Furthermore, the facts are that there are many other pizza restaurants, approximately 15,

and 2 Towns ( Westbrook and Killingworth) between Plaintiff's Clinton restaurant and our Deep River restaurant yet somehow only we are infringing on their rights and causing them damages and customer confusion. I also know for a fact that 2 new pizza restaurants recently opened up on the same block as it ( including a Dominos) within the last 6 months so claiming that our opening in a location approximately a 20 minute drive away is causing confusion and taking away its customers or business is nothing but pure speculation that is likely totally erroneous. I and the Defendant LLC therefore thoroughly disagree with Plaintiff's conclusory assertions and allegations of customer confusion and supposed irreparable harm or damage due to same.

6.      I noticed that the complaint and the memorandum both conveniently ignore the fact that Grand Apizza Deep River does not advertise in any newspaper or magazine or radio or television unlike the Plaintiff. Meanwhile it has been engaging in an advertising campaign since before we even opened in Deep River stating to all who listen or view their ads that Grand Apizza Shoreline has no connection or association with us and or our food. Furthermore, it is also active on Facebook and has posted or has had others post statements on same, obviously in a concerted effort along with its advertising campaign disclaimers to paint AJ's Apizza in a negative or unfair light. All of same when combined with the threats its principal has made to our business, my partner, myself and other employees is evidence of the fact that I believe it is the Plaintiff that is not engaging in fair competition. And, as someone who has been involved in the Pizza restaurant business for more than 45 years, I can state for a fact that customers do occasionally call the wrong restaurant number or mistakenly order from the wrong pizza place regardless of name or location and the problem can usually be rectified by having your phone operators properly vet the calls and even when it does nonetheless occur it is not an unexpected nor major source of loss or concern and is not always because of similarly named restaurants. Therefore, I

contend on behalf of the defendant that if there is any actual slight confusion it is likely a result

of Plaintiff's own actions in constantly mentioning our name in its advertising and that any

supposed customers who call and order from the wrong Grand Apizza or pizza restaurant can't

speculatively and simplistically be attributed to alleged confusion over the Grand Apizza name.

7.   I just want to reiterate and make it clear that Plaintiff and my brother who verified the

complaint know now and knew before we opened that I am a member in the Defendant LLC and

part of Deep River Grand Apizza yet totally neglected to even mention that important pertinent

fact in its complaint and motion and memorandum. Plaintiff and he also know that Grand Apizza

Deep River never used its allegedly copyrighted menu or logo nor copied, reproduced,

distributed or utilized same yet it erroneously alleged this nonetheless. I now believe that

Plaintiff and Michael Nuzzo knowingly made these erroneous assertions and omissions because

it wanted to falsely call us an "imitator" and discuss the history of Grand Apizza and the Nuzzo

family tradition as if I was not part of same or Grand Apizza Deep River to make its causes of

action appear to be more substantive, all in bad faith in my estimation.  I submit that Plaintiff

realizes that all of its claims consist of genuinely disputed factual issues, including whether there

is any customer confusion, damages, irreparable harm or any geographic or common law

trademark rights being infringed upon. The true facts actually are that there is nothing false or

misleading in the defendant's menu or its pictures on display at Deep River nor has it done

anything to confuse customers or act deceptively while Plaintiff's complaint and memorandum

and advertising campaign were unfair and likely is the source of any supposed confusion.

8.    Plaintiff is unlikely to prove any trademark infringement because the Defendant has not

copied, utilized, reproduced or prepared derivative works nor publicly displayed any protected

works or copyrighted material of it as Michael Nuzzo well knows. It claims in its complaint

irreparable harm and that no other adequate remedy at law but this is not true in my estimation.

It also is not likely to prevail on its claim that we used the alleged Grand Apizza Shoreline logo

as we never used it and again, Plaintiff and its representatives know this fact to be true yet

nonetheless allowed it to be asserted in its verified complaint. It does not seem fair or proper

under the circumstances present to allow the Plaintiff to claim ostensibly that Grand Apizza

Deep River is somehow invading its territory by being in a non-shoreline town allegedly 8 miles

away in a different county from 2 of its restaurants when Plaintiff itself is not the original user of

the Grand Apizza name and is in fact at best the third user, and there have been at least 10 Grand

Apizza or Apizza Grande restaurants in Connecticut over the years utilizing the same menus and

family history and pictures. In fact, I submit that it is a seriously disputed issue of fact as to

whether or not Plaintiff's supposed goodwill would even extend to Deep River based on the

above recited facts. Finally, I submit that its use of a false argument that the Defendant is an

impostor with no connection to the Nuzzo family or Grand Apizza makes its assertions and

request for injunctive relief defective and is demonstrative of the fact that it cannot legitimately

demonstrate that irreparable harm exists or that it has a likelihood of success on the merits.

     9.   Due to the above true and correct facts and the many material issues of genuinely

disputed facts which I and the Defendant believe exist relative to this matter, I submit that

Plaintiff's motion and request for preliminary injunctive relief should therefore be denied.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 17th day of June, 2020.

_____
Frederick Nuzzo-Managing Member AJ's Apizza, LLC
Affiant/Defendant

SUBSCRIBED and SWORN to before
me this 17th day of June, 2020

_____
DAVID C. PITE
COMMISSIONER OF SUPERIOR COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| GRAND APIZZA SHORELINE, INC. | : | Case No.3:20-cv-00604-SRU |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AJ'S APIZZA, LLC | : | |
| d/b/a Grand Apizza Deep River, | : | JUNE 17, 2020 |
| Defendant. | : | |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## FACTUAL BACKGROUND AND CONTENTIONS

The plaintiff's complaint and motion for preliminary injunction is premised upon a fatal factual omission, namely that Frederick Nuzzo, plaintiff's president's older brother and the son of Fred Nuzzo, who is the originator of Grand Apizza, is the managing member of the defendant LLC and a partner in the Grand Apizza Deep River restaurant. He has operated Nuzzo family New Haven style pizza restaurants utilizing the names Grand Apizza or Apizza Grande continuously for almost 40 years and prior thereto operated the original Grand Apizza in New Haven with his father for 10 years. Thus, the assertions that the defendant is an "imitator" and copied plaintiff's menus and photography displays or is infringing on its copyright or trademark or exploiting its supposed goodwill is demonstrably untrue and, in fact is intentionally misleading.

Additionally, the defendant submits that the plaintiff's claims and argument in support of same and injunctive relief fail to account for the geographic and competitive realities which exist between the 2 parties. For example, Plaintiff operates 3 Grand

Apizza Shoreline restaurants, 2 in New Haven County and 1 (Clinton) in Middlesex

County. In New Haven County there are currently 4 other Grand Apizza or Apizza

Grande restaurants operating, 2 of which (New Haven and North Haven) predate

Plaintiff's restaurants. The managing member of the Defendant which operates Grand

Apizza Deep River is Frederick Nuzzo who is the oldest son of Fred Nuzzo, the

founding father of Grand Apizza in New Haven who encouraged and allowed all of his

sons to open Grand Apizza new haven pizzeria restaurants of their own throughout

various locations in Connecticut and elsewhere, and allowed others trained by him and

them to open such  restaurants utilizing the Grand Apizza name and traditions. He has

continually operated Grand Apizza and Apizza Grande restaurants throughout

Connecticut since the early 1980s and has utilized the same basic Grand Apizza menus

which he and his father developed prior thereto at all of these restaurants and has

proudly placed the same picture he commissioned and created for his father as a gift

and tribute at all such restaurants, just as his father did at the original New Haven

Grand Apizza which is still operating today utilizing the same basic menus and Nuzzo

family pictures. The defendant's President who signed off on the misleading verified

complaint asked Frederick Nuzzo when he opened his first Grand Apizza restaurant

about a decade after him if he could utilize that picture in his restaurant and were told of

course and made one available for Grand Apizza Shoreline to display so the Court can

imagine the chagrin and shock of the Defendant's representative that Plaintiff appears

to be claiming in its verified complaint that it is acting deceptively or unfairly by

displaying his own picture at the Apizza Grand Deep River.

While the Plaintiff makes many assertions and draws several conclusions in its verified

complaint and memorandum of law same are not deemed admitted by the defendant for purposes of the subject motion as they are erroneous and conclusory assertions, not well plead facts. The defendant incorporates herein by reference the opposition affidavit of Frederick Nuzzo which is attached to its objection directly prior to this memorandum which sets forth  numerous facts which mitigate against Plaintiff's entitlement to injunctive relief and for the sake of brevity will not repeat all of same herein. Suffice it to say that the defendant contends that Plaintiff's claims of copyright and trademark infringement, Lanham Act violations, fraudulent unfair competition, deceptive and unfair trade practices are all erroneous and asserted without any proper factual or legal foundation and in fact are at least partially premised upon false assertions and intentional omissions of relevant facts. The Defendant submits that at a minimum even the Plaintiff would have to acknowledge that the issues of whether there is any actionable infringement, Lanham  Act violations or unfair competition by it are all heavily disputed genuine issues of material fact, as are the specific facts or claims by it of customer confusion, irreparable harm, provable damages or any geographic rights or goodwill  being infringed upon by the Plaintiff. Thus, under the actual relevant and provable facts as evidenced by Frederick Nuzzo's affidavit and which would be adduced at any hearing on Plaintiff's request for injunctive relief by defendant's  numerous fact witnesses to Plaintiff's erroneous, misleading and illogical claims and assertions, it is clear to the defendant that Plaintiff would not be able to meet its stringent burden of proof nor demonstrate any likelihood of success on the merits.

**LEGAL ARGUMENT**

I.   **A PRELIMINARY INJUNCTION IS AN EXTRAORDINARY AND DRASTIC REMEDY THAT IS NOT AWARDED AS OF RIGHT AND REQUIRES A CLEAR SHOWING OF SUCCESS ON THE MERITS AND THE LIKELIHOOD OF IRREPARABLE HARM WHICH BURDEN OF PROOF PLAINTIFF CANNOT MEET IN THIS MATTER**

The Supreme Court has emphasized that preliminary injunctive relief is an "extraordinary and drastic remedy" that is "never awarded as of right." *Muaf v. Geren,* 128 S. Ct. 2007, 2219 (2008); *Winter v. Natural Res. Def. Council,* 129 S. Ct. 365, 375-76 (2008); *see also Nken v. Holder,* 129 S. Ct. 1749, 1757-59 (2009) (twice characterizing injunctions as "extraordinary"). To obtain such relief, the plaintiff must make a "clear showing" that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter,* 129 S. Ct. at 374; *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.,* 299 F.3d 1242, 1246-1247 (11th Cir. 2002); Pl. Br. at 10.

A court also must be particularly wary of barring the publication of truthful information as plaintiff seems to be urging. Indeed, the First Amendment generally prohibits prior restraints. Although commercial speech has been afforded somewhat lesser protection, the Supreme Court has emphasized that, even in the context of commercial speech, "[i]f the First Amendment means anything, it means that regulating speech must be a last – not first – resort." *Thompson v. Western States Med. Ctr.,* 535 U.S. 357, 373 (2002). A potential to mislead does not warrant suppression of an advertisement without close First Amendment scrutiny; to avoid rigorous review, the ad must actually be false or misleading. *See, e.g., Ibanez v. Fla. Dep't of Bus. & Prof'l*

*Regulation,* 512 U.S. 136, 146 (1994) (finding restriction on attorney's commercial speech improper where statement was only "potentially misleading"). In this case the defendant has not even advertised nor published anything yet but instead utilized a menu and Facebook and hung a picture of its managing member's father in its restaurant location in Deep River.

At the preliminary injunction stage, where nothing has been adjudicated to be false or misleading these First Amendment principles strongly counsel against enjoining an ad based only on a preliminary, uncertain allegation that an ad is false or misleading. *See, e.g., United Indus. Corp v. Clorox Co.,* 140 F.3d 1175, 1182 (8th Cir. 1998) (explaining in the context of a particular type of advertising statement, "[t]o ensure vigorous competition and to protect legitimate commercial speech, courts applying this standard should give advertisers a fair amount of leeway, at least in the absence of a clear intent to deceive or substantial consumer confusion."); *cf. Proctor & Gamble Co., v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996) (stating that in pure speech context, "the prerequisites for emergency, temporary injunctive relief in the First Amendment realm differ dramatically and appropriately"). In this matter Plaintiff cannot even point to any advertisements by Defendant yet are still trying to restrain its First Amendment rights to use its principal's name and menu which recites his family's proud tradition in Connecticut Pizza history.

The plaintiff cannot deny that the Facebook posts and menu and pictures displayed at defendant's restaurant conveys an express message that is literally true, one of its owners is a Nuzzo who has operated Grand Apizza restaurants throughout Connecticut for many years. Plaintiff's resort to the conclusory and untrue allegation that

the connections between the defendant and Grand Apizza are "false" should not

obscure the fact that its explicit, central message is true as indicated above. Conclusory

allegations, legal labels, and implausible inferences cannot support the sufficiency of a

complaint even for purposes of a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See*

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-52 (2009). It follows with even greater force that

conclusions, labels and references cannot justify an injunction that suppresses speech

or commercial retail restaurant activity as the Plaintiff erroneously urges in this matter.

II.     **THE PLAINTIFF HAS FAILED TO PROVE THAT THIS EXTRAORDINARY
        RELIEF IS WARRANTED.**

    A.     **Grand Apizza Shoreline is Not Likely to Succeed on the Merits in
           Proving the Defendant's factual Assertions in its Menu or on
           Facebook are False or Misleading.**

        To be eligible for a preliminary injunction plaintiff must establish it has a

"likelihood" of success on the merits. *Munaf,* 128 S. Ct. at 2219. This requires "more

than a mere 'possibility' of relief." *Nken,* 129 S. Ct. at 1761. Along with the irreparable

harm, likelihood of success is the "most critical" factor. *Id.* at 1761. A court should

"asses[s] the harm to the opposing party and weig[h] the public interest" only "[o]nce an

applicant satisfies the[se] first two factors." *Id.* at 1762. The plaintiff falls well short of

this demanding standard.

        To make a showing demonstrating that the defendant has published or

transmitted information that is false or misleading or deceptive to consumers, as is

plaintiff's burden of proof, a Lanham Act plaintiff must offer "expert testimony or other

evidence" showing consumer deception, typically through consumer surveys. *Johnson

& Johnson,* 299 F.3d at 1247; *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1261

(11th Cir. 2004). The Court must consider the claim of consumer deception in view of the overall context and message of the advertisement, its intended audience, and common sense and logic. *See Johnson & Johnson,* 299 F.3d at 1248; *Smithkline Beecham Consumer Healthcare, L.P. v. Johnson & Johnson-Merck Consumer Pharms. Co.,* No. 01-CIV 2775, 2001 WL 588846, at *9 (S.D.N.Y. June 1, 2001). This inquiry is detailed, involved, and heavily factual, with the Court closely examining the plaintiff's proffered testimony and the methodology underlying its conclusions, and weighing this evidence against any contrary expert testimony the defendant presents. *See <u>Smith v. Wal-Mart Stores, Inc</u>.,* 537 F. Supp. 2d 1302, 1323 (N.D. Ga. 2008). At the preliminary injunction state, however, the defendant has not yet had a meaningful opportunity to review thoroughly or to rebut any such expert testimony of plaintiff's, if it even exists which is highly unlikely, and any other support for its claim, or retain its own experts. It is thus peculiarly inappropriate to grant injunctive relief to suppress truthful statements that one party asserts – largely without support – is misleading or false or deceptive, especially when the other party has offered more credible evidence that same cannot fairly or accurately be classified in such a manner.

**B.    The Plaintiff has Failed to Show an Emergency Risk of Irreparable Harm**

To prevail in this motion the plaintiff also must "demonstrate that irreparable injury in *likely* in the absence of an injunction." *Winter,* 129 S. Ct. at 375. A mere "possibility" of irreparable injury is insufficient. "An injury is 'irreparable' only it it cannot be undone through monetary remedies." *Ferrero v. Assoc. Mats. Inc.,* 923 F.2d 1441, 1449 (11th Cir. 1991). The primary "harm" to the Plaintiff, if any, cause by any alleged infringement, fraud, or deceptive and unfair acts or competition as are erroneously

alleged herein is purely economic in defendant's estimation and it is well-settled that "economic losses alone do not justify a preliminary injunction." *BellSouth Telecomm., Inc. v. MCIMetro Access Transmission Servs., LLC,* 425 F.3d 964, 970 (11th Cir. 2005).

The defendant submits that the Supreme Court's decision in *eBay, Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006) made it clear that it cannot be presumed that any false or misleading statement made by a competitor will injure the other. In *eBay*, the Supreme Court rejected the position that assumption could be used in determining whether to grant or deny injunctions in patent actions. *Id.* at 393-94. Rather, the Supreme Court held that courts must apply each factor of the traditional four-factor test to the particular circumstances of the case at hand. *See id.* at 391. In *North American Medical Corp.,* the Eleventh Circuit held that *eBay* "is applicable" in the Lanham Act contest, although it "decline[d] to express any further opinion with respect to [its] effect." 522 F.3d at 1228. Following *eBay* and its progeny, however, this Court should decline plaintiff's invitation for it to depart from traditional equitable principles and presume irreparable harm, especially in this matter where its assertions are at best inaccurate and no actual damage can be pointed to as it is all mere speculation and conjecture of the Plaintiff.

Logically, it is more likely that any supposed harm or damages suffered recently by plaintiff is the natural and appropriate response of the marketplace to other new restaurants opening in proximity to plaintiff's Clinton restaurant ( See Nuzzo affidavit paragraph 5) and the economic downturn associated with COVID-19 and not any alleged misdeeds by the defendant, all of which are vigorously disputed by it. While it argues or infers without any legitimate factual basis that Deep River is too close to its

Clinton location thus resulting automatically in confusion and irreparable harm and damage to it and its customer base the facts totally belie such arguments. Defendant would refer this Court to the Frederick Nuzzo affidavit ( See paragraphs 5, 6 and 7 of Frederick Nuzzo affidavit ) wherein he sets forth facts that demonstrate there is little to no legitimate "customer confusion" nor any real geographic argument of infringement or irreparable harm or damages. Deep River is in a different County then 2 of Plaintiff's restaurants and while it is in the same County (Middlesex) as the Clinton restaurant of Plaintiff there are 2 towns ( Westbrook and Killingworth)  and at least 15 other Pizza Restaurants between these 2 restaurants and it is an approximately 20 minute drive between these 2 locations. Furthermore, Deep River is inland and not a shoreline town while Clinton and Plaintiff's other 2 locations are. Upon information and belief the Plaintiff did not even deliver to Deep River prior to this lawsuit due to its distance from its locations.

It is both inequitable and not fact based for the plaintiff now to argue that any actions of the defendant are so immediately harmful that it justifies the drastic remedy of an injunction, especially  before the defendant has had an opportunity for discovery and before the Court has the benefit of a full evidentiary hearing. It is also inequitable and illogical for Plaintiff to now be arguing that "customer confusion" now suddenly exists due to Grand Apizza Deep River's opening in February after there have been at least a half dozen other Grand Apizza restaurants continuously operating in New Haven County where its other 2 restaurants are located for literally decades by his brother Frederick and father Fred and others without any such alleged harmful confusion. Compounding this inequity, while on one hand plaintiff demands that this Court enjoin

the defendant from using its name or using its principal's menus and asserting truthful

statements about Frederick Nuzzo's pizza restaurant history, on the other hand plaintiff

intends to continue running commercials disclaiming any relation to Defendant and

utilizing menus and pictures that first belonged to Frederick Nuzzo who is the principal

of Grand Apizza Deep River while apparently proclaiming falsely that only Michael

Nuzzo can use the Grand Apizza name in its self-created fictional territory. This

requested relief is not equitable; it is unfair.

### C.   The Relief Plaintiff Demands Would Likely Cause Substantial Harm to the Defendant.

If this Court were to grant plaintiff's motion, it would cause harm to Grand Apizza

Deep River far outweighing any harm avoided by the plaintiff. First, assuming arguedo

that the extent of the defendant's truthful statement about its principal's family pizza

tradition are effective and thus give it an unfair economic benefit to plaintiff's supposed

detriment, an order forcing  it to cease using its name or referring to its owner's

business history and pizza  tradition could likely cause it the same economic harm

about which plaintiff complains.

Secondly, an order mandating that the defendant literally change its name and

alter its customary menus and decor would irreparably infringe upon its First

Amendment rights to truthfully advertise or tout its owners tradition, products, and

services. "{I}t is well established that 'the loss of First Amendment freedoms, for even

minimal periods of time, unquestionably constitutes irreparable injury.' " *KH Outdoor,*

*LLC v. City of Trussville,* 458 F.3d 1261, 1272 (11th Cir. 2006) (*quoting Elrod v. Burns,*

427 U.S. 347, 373 (1976) (plurality op.)) That potential harm to defendant is real and

tangible, where the inability to have the defendant run its restaurant as Mr. Frederick

Nuzzo always has could do crippling damage to it, especially when launching its business during this unfortunate health crisis. Absent compelling evidence establishing that Grand Apizza Deep River's menu or family tradition are misleading and therefore unprotected by the First Amendment – evidence that the plaintiff surely does not provide – an injunction here would come at a cost both to the defendant's own economic well-being and to its constitutional rights. If, in the unlikely event an injunction issues but the defendant ultimately prevails, Grand Apizza Deep River will have suffered the ultimate irreparable injury, the loss of its name and First Amendment right to speak the truth while the public interest in the free flow of commercial information will have been harmed erroneously. Considering the apparent weakness of plaintiff's position on the merits, and the questionable veracity of its verified complaint, this Court should deny the preliminary injunction.

### D.    In The Unlikely event it is granted a preliminary injunction the Plaintiff Must Post Appropriate Security

Federal Rule of Civil Procedure 65(c) requires a movant to "giv[e] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." As set forth and indicated above, the defendant and its principals have invested substantial money to launch its well received Grand Apizza restaurant which the plaintiff demands that this Court halt or alter substantially based upon questionable assertions of disputed or erroneous facts and conclusions.  In the unlikely event this Court were to grant plaintiff's motion the defendant would respectfully request that security be set at $100,000 to protect against damage to its business.

## CONCLUSION

The plaintiff asks this Court to do the extraordinary: enter a preliminary order forbidding defendant to use its chosen name and customary menus or advertise or discuss its principal's family pizza history and traditions or publish truthful free speech.

The First Amendment, the Lanham Act, and traditional principles of equity all indicate that the plaintiff has not carried its heavy burden of showing that it is entitled to this relief and the defendant submits that at any evidentiary hearing the factual underpinnings of Plaintiff's claims will be shown to be demonstrably erroneous or untrue. This motion or application is a blatant effort to ask the Court to do what the marketplace will not do; shield the plaintiff from truthful competition and statements regarding the defendant and its principal over a large region of Connecticut.

Therefore, for the reasons set forth above, the Court should deny plaintiff's motion and its request for a preliminary injunction.

**DEFENDANT AJ's APIZZA, LLC**
**d/b/a GRAND APIZZA DEEP RIVER**

By:        /s/ David C. Pite   *David C. Pite*
David C. Pite ct03495
Pite Law Office LLC
1948 Chapel Street
New Haven, CT 06515
(203) 782-0503 Tel.
(203) 389-8344 Fax
pite@snet.net

## CERTIFICATION OF SERVICE

I hereby certify that on June 17, 2020, a copy of the foregoing Objection, Affidavit and Memorandum were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing and has also been sent by email to counsel appearing for the Plaintiff. Parties may access this filing through the Court's CM/ECF System.

_____/s/ David C. Pite_____
David C. Pite